

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 1 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**TIM S. RALSTON**                                           **PLAINTIFF**

**V.**                      **CASE NO.** 4:16 CV0140- BRW

**COGSWELL MOTORS, INC.**                                    **DEFENDANTS**
**AND THE MCHUGHES LAW FIRM, PLLC**

### COMPLAINT

Plaintiff, Tim S. Ralston ("Ralston" or "Plaintiff"), by his undersigned counsel, submits

this Original Complaint against Cogswell Motors, Inc. ("Cogswell") and The McHughes Law

Firm, PLLC ("McHughes"), and states:

### I. STATEMENT OF JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. 1692k(d)

and 28 U.S.C. §1367 for pendant State law claims.

2.      This action arises out of Cogswell's violation of the Arkansas Deceptive Trade

Practices Act ("ADTPA"), Ark. Code Ann. §4-88-101, *et seq.* and McHughes' violation of the

Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

3.      The acts and events complaint of in this Complaint occurred within Pope County,

Arkansas.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise

to the claims occurred here, Plaintiff resides here, and Defendants transact business here.

This case assigned to District Judge __Wilson__
and to Magistrate Judge __Volpe__

## II. PARTIES

5.     The averments set forth in paragraphs 1 – 4 are adopted herein and incorporated as if set forth word for word.

6.     Ralston is a resident of Pope County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d.

7.     At the times of the incidents described further herein, McHughes was a corporation authorized to conduct business in the State of Arkansas as a "debt collector", as that term is defined by 15 U.S.C. §1692a(6), and attempting to collect a "debt", as defined in 15 U.S.C. §1692a(5).

8.     At the times of the incidents decribed further herein, Cogswell engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. §4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. §4-88-102(5).

9.     McHughes is being served via its registered agent:

Becky A. McHughes
917 W. 2nd St.
Little Rock, Ar. 72201

10.    Cogswell is being served via its registered agent:

Keith B. Cogswell, III
1900 E. Main St.
Russellville, AR.  72801

## III. FACTUAL ALLEGATIONS

11.    The averments set forth in paragraphs 1 – 10 are adopted herein and incorporated as if set forth word for word.

Complaint - Page 2

12. On December 29, 2005, Cogswell filed a Complaint in the Circuit Court of Pope County, Arkansas, Case No. CV2005-616, against Ralston for collection of a debt owed on the purchase of an automobile in the amount of $9,250.00.

13. On February 13, 2006, a Default Judgment was entered against Ralston, awarding judgment to Cogswell in the amount of $9,250.00, plus all costs paid and expended, interest from March 9, 2001 to the date of the judgment at the rate of 6% per annum, attorney fees in the amount of $1,000.00 and interest from the date of judgment until the judgment is paid in full at the rate of 6% per annum. A copy of the default judgment is attached hereto and incorporated herein as Exhibit "1".

14. Upon information and belief, Cogswell retained McHughes sometime prior to November 20, 2014 for the purposes of collecting the debt from Ralston.

15. On November 20, 2014, McHughes issued a Writ of Garnishment to River Town Bank in the amount of $21,114.04, broken down as follows: $9,250.00 principal; $10,844.04 pre- and post-judgment interest; $1,000 attorney's fee; and, $20.00 writ cost. A copy of the 11/20/14 Writ of Garnishment is attached hereto and incorporated herein as Exhibit "2".

16. On January 22, 2015, McHughes issued a Writ of Garnishment to Arvest Bank in the amount of $21,300.20, broken down as follows: $9,250.00 principal; $11,003.70 pre- and post-judgment interest; $26.50 accrued court costs; $1,000 attorney's fee; and, $20.00 writ cost. A copy of the 1/22/15 Writ of Garnishment is attached hereto and incorporated herein as Exhibit "3".

17. On March 16, 2015, McHughes issued a Writ of Garnishment to Petit Jean State Bank in the same amount of $21,300.20, broken down as follows: $9,250.00 principal; $11,003.70 pre- and post-judgment interest; $26.50 accrued court costs; $1,000 attorney's fee;

Complaint - Page 3

and, $20.00 writ cost. A copy of the 3/16/15 Writ of Garnishment is attached hereto and incorporated herein as Exhibit "4".

18.     On April 24, 2015, McHughes issued a Writ of Garnishment to U.S. Bank, N.A. in the amount of $21,576.22, broken down as follows: $9,250.00 principal; $11,226.72 pre- and post-judgment interest; $79.50 accrued court costs; $1,000 attorney's fee; and, $20.00 writ cost. A copy of the 4/24/15 Writ of Garnishment is attached hereto and incorporated herein as Exhibit "5".

19.     On June 1, 2015, McHughes issued a Writ of Garnishment to Regions Bank in the same amount of $21,710.58, broken down as follows: $9,250.00 principal; $11,328.08 pre- and post-judgment interest; $112.50 accrued court costs; $1,000 attorney's fee; and, $20.00 writ cost. A copy of the 6/1/15 Writ of Garnishment is attached hereto and incorporated herein as Exhibit "6".

20.     On June 4, 2015, McHughes filed a Writ of Scire Facias to revive the judgment against Ralston which states that the total amount owed is $18,297.81 accruing interest from June 2, 2015 at the rate of 6.00% per annum until paid. The total is broken down as follows: $9,250.00 principal; $132.50 costs; $1,000 attorney's fees; and, $7,903.81 in interest. A copy of the Writ of Scire Facias is attached hereto and incorporated herein as Exhibit "7".

21.     Upon information and belief, Cogswell, through McHughes, attempted to collect amounts in excess of what was actually owed by Ralston on each of the dates of the various garnishments set forth herein.

## IV. COUNT I
## VIOLATION OF THE ADTPA BY COGSWELL

22. The averments set forth in paragraphs 1 – 21 are adopted herein and incorporated as if set forth word for word.

23. The ADTPA, Ark. Code Ann. §16-88-101, *et seq.*, is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute which is to be liberally construed.

24. Cogswell engaged in "business, commerce, or trade" within the meaning of Ark. Code Ann. §4-88-107(a)(1) and is a "person" within the meaning of Ark. Code Ann. §4-88-102(5).

25. Moreover, within the meaning of Ark. Code Ann. §4-88-113(d), Cogswell "knew or should have known" of the violations of the FDCPA by McHughes.

26. The practices employed by Cogswell, through its agents, in issuing five (5) separate garnishments containing false, deceptive and misleading information, as described above, are unfair and unconscionable under the ADTPA and, thus, violate the provisions of the ADTPA.

27. By attempting to collect amounts not owed by Ralston, Cogswell engaged in unfair, unconscionable and deceptive practices in violation of the ADTPA.

## V. COUNT II
## VIOLATION OF THE FDCPA BY MCHUGHES

28. The averments set forth in paragraphs 1 – 27 are adopted herein and incorporated as if set forth word for word.

Complaint - Page 5

29.    Upon information and belief, McHughes has violated 15 USC § 1692 *et seq*., as to each of the three Writs of Garnishment issued on March 16, 2015, April 24, 2015, and June 4, 2015.[1]    For each garnishment, violations include, but are not limited to, the following:

a.    violating 15 U.S.C. §1692f(1) prohibiting a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law by attempting to collect interest amounts in excess of the amount allowed in the judgment;

b.    violating 15 U.S.C. §1692e(5) prohibiting a debt collector from threatening to take action that cannot legally be taken by attempting to collect interest amounts in excess of the amount allowed in the judgment;

c.    violating 15 U.S.C. §1692e(2)(A), prohibiting a debt collector from the false representation of the character, amount, or legal status of any debt by attempting to collect interest amounts in excess of the amount allowed in the judgment; and,

d.    violating 15 U.S.C. §1692e(1) prohibiting a debt collector from making false representations and engaging in deceptive means in attempting to collect a debt through McHughes' inability to properly account for interest owed on the judgment.

30.    McHughes' conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, *et seq.*

31.    McHughes' conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692(a)(2)(A).

---

[1] The one-year Statute of Limitations under the FDCPA has run on the garnishments issued on November 20, 2014 and January 22, 2015.

Complaint - Page 6

## VI.  DAMAGES

32.    The averments set forth in paragraphs 1 – 31 are adopted herein and incorporated as if set forth word for word.

33.    Ralston has suffered actual damages in the amount of $6,000.00 for the retention of attorneys as a direct and proximate result of the issuance of the Writs of Garnishment which are the basis of this lawsuit.

34.    As a direct and proximate result of the Issuance of the Writs of Garnishment which are the basis of this lawsuit, Ralston is entitled to the following damages:

a.    actutal costs, expenses and attorney fees from McHughes pursuant to 15 U.S.C. §1692k(a)(3);

b.    statutory damages in the maximum amount of $1,000.00 from McHughes for each occurrence pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

c.    actual damages from McHughes pursuant to 15 U.S.C. §1692k(a)(1);

d.    actual damages and attorney fees from Cogswell pursuant to Ark. Code Ann. §4-88-113(f).

WHEREFORE,  Ralston prays that:

A.    He be granted statutory damages for each occurrence from McHughes pursuant to 15 U.S.C. §1692k(a)(2)(A);

B.    He be granted actual damages from McHughes pursuant to 15 U.S.C. §1692k(a)(1);

C.    He be granted costs and attorney fees from McHughes pursuant to 15 U.S.C. §1692k(a)(3);

Complaint - Page 7

D.      He be granted actual damages and attorney fees from Cogswell pursuant to Ark.

Code Ann. §4-88-113(f); and

E.      For all other relief to which he may be entitled.


Respectfully Submitted,

*Annabelle Lee Patterson*

/s/ Annabelle Lee Patterson
Annabelle Lee Patterson, ABN 85204
Annabelle Lee Patterson, PLC
646 Quapaw Ave.
Hot Springs, AR.  71901
PH:  (501) 701-0027
FX: (972) 559-3956
ab@apattersonlaw.com

Complaint - Page 8

## IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
## DIVISION IV

**COGSWELL MOTORS, INC.**                                                    **PLAINTIFF**

**VS.**                    **No. CV 2005-616**

**TIM S. RALSTON**                                                           **DEFENDANT**

### DEFAULT JUDGMENT

Now on this day this cause comes on to be heard, but the Defendant comes not, and this

cause was submitted to the Court upon the Complaint, with the Exhibits thereto and filed herein,

the summons issued herein against the Defendant and the return made to this Court thereon

showing proper service for the time and in the manner as required by law, from all of which and

other matters, proof and things before the Court, the Court doth find that the Defendant has been

duly served with the summons for more than twenty days allowed by law, that Defendant has

failed to file a timely Answer within the twenty days allowed by law, or to appear and defend,

and the Defendant is indebted to the Plaintiff in the amount of $9,250.00, plus costs, interest, and

attorney's fees.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED

that Plaintiff have of and recover from the Defendant the sum of $9,250.00, plus all its costs

herein paid and expended, interest from the 9th of March, 2001 to the date of this Judgment at

the rate of six percent (6%) per annum, (both pre and post judgment) [and attorney's fees in the

amount of $ *1000.00* ] and interest thereon from the date this Judgment is entered

until this Judgment is paid in full, for all of which execution may issue.

Pursuant to Section 1 (a) of Act 610 of 1991, as a resident to this state who has a final

Judgment of a Court of record entered against him, he shall prepare a schedule, verified by



affidavit, of all property, both real and personal, including moneys, bank accounts, rights, credits, and choses in action held by himself or others for him and specify the particular property which he claims as exempt under the provisions of the law. (b) The schedule shall be filed with the clerk of the Court in which the final judgment order was rendered within forty-five (45) days of entry of the final judgment order.

IT IS SO ORDERED.

CIRCUIT JUDGE

2-13-06
Date

APPROVED AS TO FORM:

_____
KEITH D. COKER
Attorney for Plaintiff

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

## WRIT OF GARNISHMENT

CASE NO:    CV2005-616

PLAINTIFF: COGSWELL MOTORS, INC
OUR FILE:    41491
DEFENDANT: TIM RALSTON

GARNISHEE:          RIVER TOWN BANK
                    P. O. BOX 577
                    DARDANELLE, AR 72834

REQUESTING ATTORNEY:        THE MCHUGHES LAW FIRM, PLLC
                            JOSH E. McHUGHES
                            BECKY A. MCHUGHES
                            CHRISTOPHER D.ANDERSON
                            P.O. BOX 2180
                            LITTLE ROCK, AR. 72203

                            EXPLANATION
        JUDGMENT DEBTOR:    TIM RALSTON

ORIGINAL JUDGMENT AMOUNT(includes:   $11,994.59
awarded Atty Fees, Pre- Judgment interest &
Principal):
        DATE OF JUDGMENT:   February 16, 2006

BALANCE OF JUDGMENT PRINCIPAL:   +$9,250.00

INTEREST TO DATE(Pre and Post Judgment   +$10,844.04
accrued to date):
ACCRUED COURT COST (Pre and Post Judgment   +$0.00
excluding cost of this writ):
        ATTORNEY'S FEES:   +$1,000.00

        COST OF THIS WRIT:   +$20.00

                TOTAL:   =$21,114.04

DATE: 11/20/14                BY: _Glen Tucker_ an /D.C

### CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices as required by Arkansas
Code Annotated 16-110-402 (2)(a) and (3) were mailed to the following address:

Defendants Address:        TIM RALSTON
                           497 MCLAREN LOOP
DATE:  __NOV 2 6 2014__    ATKINS, AR 72823-6215

                    Original Signed By
                    Josh E. McHughes
                    Becky A. McHughes
                    Christopher D. Anderson
                    _____
                    Josh E. McHughes
                    Becky A. McHughes
                    Christopher D. Anderson





IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

## WRIT OF GARNISHMENT

CASE NO:    CV2005-616

PLAINTIFF: COGSWELL MOTORS, INC
OUR FILE:    41491
DEFENDANT: TIM RALSTON

GARNISHEE:        ARVEST BANK
                  GARNISHMENTS
                  P.O. BOX 799
                  LOWELL, AR 72746

REQUESTING ATTORNEY:          THE MCHUGHES LAW FIRM, PLLC
                              JOSH E. MCHUGHES
                              BECKY A. MCHUGHES
                              CHRISTOPHER D.ANDERSON
                              P.O. BOX 2180
                              LITTLE ROCK, AR. 72203

                              EXPLANATION
              JUDGMENT DEBTOR:   TIM RALSTON

ORIGINAL JUDGMENT AMOUNT(includes:   $11,994.59
awarded Atty Fees, Pre- Judgment interest &
                        Principal):
              DATE OF JUDGMENT:   February 16, 2006

BALANCE OF JUDGMENT PRINCIPAL:   +$9,250.00

INTEREST TO DATE(Pre and Post Judgment   +$11,003.70
                        accrued to date):
ACCRUED COURT COST (Pre and Post Judgment   +$26.50
              excluding cost of this writ):
              ATTORNEY'S FEES:   +$1,000.00

COST OF THIS WRIT:   +$20.00

                        TOTAL:   =$21,300.20

DATE: 1-22-2015          BY: _____ dc

                              CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices as required by Arkansas
Code Annotated 16-110-402 (2)(a) and (3) were mailed to the following addresses.

Defendants Address:        TIM RALSTON
                           497 MCLAREN LOOP
                           ATKINS, AR 72823-6215
DATE: ___JAN 2 9 2015___

                              Original Signed By
                              Josh E. McHughes
                              Becky A. McHughes
                              Christopher D. Anderson
                              _____
                              Josh E. McHughes
                              Becky A. McHughes
                              Christopher D. Anderson





IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

## WRIT OF GARNISHMENT

CASE NO:     CV2005-616

PLAINTIFF: COGSWELL MOTORS, INC
OUR FILE:     41491
DEFENDANT: TIM RALSTON

GARNISHEE:        PETIT JEAN STATE BANK
                  P.O. BOX 680
                  MORRILTON, AR 72110

REQUESTING ATTORNEY:        THE MCHUGHES LAW FIRM, PLLC
                            JOSH E. McHUGHES
                            BECKY A. MCHUGHES
                            CHRISTOPHER D.ANDERSON
                            P.O. BOX 2180
                            LITTLE ROCK, AR. 72203

                            EXPLANATION
            JUDGMENT DEBTOR:  TIM RALSTON

ORIGINAL JUDGMENT AMOUNT(includes:  $11,994.59
awarded Atty Fees, Pre- Judgment interest &
Principal):
            DATE OF JUDGMENT:  February 16, 2006

BALANCE OF JUDGMENT PRINCIPAL:  +$9,250.00

INTEREST TO DATE(Pre and Post Judgment  +$11,003.70
accrued to date):
ACCRUED COURT COST (Pre and Post Judgment  +$26.50
excluding cost of this writ):
            ATTORNEY'S FEES:  +$1,000.00

    COST OF THIS WRIT:  +$20.00

            TOTAL:  =$21,300.20

DATE: _____        BY: _____

### CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices as required by Arkansas
Code Annotated 16-110-402 (2)(a) and (3) were mailed to the following address:

Defendants Address:    TIM RALSTON
                       497 MCLAREN LOOP
                       ATKINS, AR 72823-6215
DATE: ____**MAR 1 7 2015**_____

                       Original Signed By
                       Josh E. McHughes
                       Becky A. McHughes
                       Christopher D. Anderson
                       _____
                       Josh E. McHughes
                       Becky A. McHughes
                       Christopher D. Anderson





## GARNISHMENT EXHIBIT B

## NOTICE TO DEFENDANT/DEBTOR

YOUR RIGHT TO KEEP WAGES, MONEY AND
OTHER PROPERTY FROM BEING GARNISHED

The Writ of Garnishment delivered to you with this Notice means that wages, money or other property belonging to you has been garnished in order to pay a Court Judgment against you.   **HOWEVER YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY FROM BEING TAKEN, SO READ THIS NOTICE CAREFULLY**.

State and Federal laws say that certain money and property may not be taken to pay certain types of court judgments.   Such money or property is said to be *exempt* from garnishment.

For example, under the Arkansas Constitution and State Law, you will be able to claim <u>as exempt</u> all, or part of your wages or other personal property.   See <u>Ark. Const. Art. 9</u> and <u>Ark. Stat. Ann. Section 30-207, et seq.</u>

As another example, under Federal Law the following are also exempt from garnishment:

Social Security, SSI, Veteran's benefits, AFDC (welfare), Worker's Compensation.

You have a right to ask for a prompt court hearing to claim these or other exemptions. If you need legal assistance to help you try to save your wages or property from being garnished, you should see a lawyer.   If you cannot afford a private lawyer, contact your local bar association or ask the Clerk's Office about any Legal Services Program in your area.

## NOTICE TO NON-EMPLOYER GARNISHEE

Failure to answer this Writ within 30 DAYS or failure or refusal to answer any Interrogatories attached hereto shall result in the Court entering a Judgment against you and you becoming PERSONALLY LIABLE for the full amount specified in this Writ together with costs of this action as provided by Arkansas Code Annotated 16-110-407.

**<u>I AM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>**



*Q - 4 1 4 9 1 0 0 2 9 1 - *

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

COGSWELL MOTORS, INC                                           PLAINTIFF

vs.                    No. CV2005-616

TIM RALSTON                                                    DEFENDANT

PETIT JEAN STATE BANK                                          GARNISHEE

## ALLEGATIONS AND INTERROGATORIES AND REQUEST FOR PRODUCTION

Comes the Plaintiff in the above styled cause and alleges:

(1)    That the Garnishee herein was, in and after the service of the Writ of Garnishment upon it, indebted to the Defendant in the sum of **$9,250.00 + attorney fees $1,000.00 + interest $11,003.70 + court costs $26.50, all of which total $21,280.20 Dollars, plus $20.00 for cost of this Garnishment.**

(2)    That said Garnishee herein has, in and after the service of the Writ of Garnishment upon it, goods and chattels, moneys, credits and effects belonging to said Defendant of the value aforesaid in its hands and possession.

And the Plaintiff propounds to said Garnishee the following Interrogatories:

(1)    Were you, immediately prior, to the service of the Writ of Garnishment herein handed to you, indebted to the Defendant? If so, how and in what amount?

(2)    Have you in your hands and/or possession, immediately after, the service of the Writ of Garnishment upon you herein, have any goods, chattels, moneys, credits or effects belonging to said Defendant?  If so, what is the nature and value thereof?

(3)    Does the defendant have an active checking or savings account with your institution.

(4)    Does your institution charge a fee against the goods, chattels, moneys, credits, or effects belonging to the said Defendant? If so, how much is said fee and is it charged to the Defendant's goods, chattels, moneys, credits, or effects belonging to the said Defendant

(5)    Please provide a copy of the last four deposit items made to any account that the Defendant maintains at this institution.

                                 Original Signed By
                                 Josh E. McHughes
                                 Becky A. McHughes
                                 Christopher D. Anderson
                                 _____

                                 Josh E. McHughes (67040)
                                 Becky A. McHughes (03024)
                                 Christopher D. Anderson (1991255)
                                 Attorneys for Plaintiff
                                 P.O. Box 2180
                                 Little Rock, Ar. 72203
                                 (501) 376-9131
                                 OUR FILE:41491



IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

## WRIT OF GARNISHMENT

CASE NO:    CV2005-616

PLAINTIFF: COGSWELL MOTORS, INC
OUR FILE:    41491
DEFENDANT: TIM RALSTON

GARNISHEE:          US BANK, N.A..
                    ATTN:  GARNISHMENTS
                    MAIL CODE:  CNOHL2GT
                    PO BOX 5220
                    CINCINNATI, OH 45226

REQUESTING ATTORNEY:          THE MCHUGHES LAW FIRM, PLLC
                              JOSH E. McHUGHES
                              BECKY A. MCHUGHES
                              CHRISTOPHER D.ANDERSON
                              P.O. BOX 2180
                              LITTLE ROCK, AR. 72203



|  |  |
|---|---|
| **EXPLANATION** | |
| JUDGMENT DEBTOR: | TIM RALSTON |
| ORIGINAL JUDGMENT AMOUNT(includes: awarded Atty Fees, Pre- Judgment interest & Principal): | $11,994.59 |
| DATE OF JUDGMENT: | February 16, 2006 |
| BALANCE OF JUDGMENT PRINCIPAL: | +$9,250.00 |
| INTEREST TO DATE(Pre and Post Judgment accrued to date): | +$11,226.72 |
| ACCRUED COURT COST (Pre and Post Judgment excluding cost of this writ): | +$79.50 |
| ATTORNEY'S FEES: | +$1,000.00 |
| COST OF THIS WRIT: | +$20.00 |
| TOTAL: | =$21,576.22 |

DATE: 9/24/15

BY: *Ponai Meatonus, D.C.*

### CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices as required by Arkansas
Code Annotated 16-110-402 (2)(a) and (3) were mailed to the following address:

Defendants Address:          TIM RALSTON
                             497 MCLAREN LOOP
                             ATKINS, AR 72823-6215
DATE:  **APR 2 8 2015**

                    Original Signed By
                    Josh E. McHughes
                    Becky A. McHughes
                    Christopher D. Anderson
                    _____
                    Josh E. McHughes
                    Becky A. McHughes
                    Christopher D. Anderson

*(Right margin, vertical stamp)*
2015 APR 24  AM 10: 06
POPE CO. CIRCUIT CLERK
FILED





IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

## WRIT OF GARNISHMENT

CASE NO:     CV2005-616

PLAINTIFF: COGSWELL MOTORS, INC
OUR FILE:    41491
DEFENDANT: TIM RALSTON

GARNISHEE:          REGIONS BANK
                    GARNISHMENTS/TAX LEVIES
                    P.O. BOX 830590
                    BIRMINGHAM, AL 35283-0590

REQUESTING ATTORNEY:          THE MCHUGHES LAW FIRM, PLLC
                              JOSH E. MCHUGHES
                              BECKY A. MCHUGHES
                              CHRISTOPHER D.ANDERSON
                              P.O. BOX 2180
                              LITTLE ROCK, AR. 72203

                              EXPLANATION
         JUDGMENT DEBTOR:     TIM RALSTON

ORIGINAL JUDGMENT AMOUNT(includes:   $11,994.59
awarded Atty Fees, Pre- Judgment interest &
                        Principal):
         DATE OF JUDGMENT:    February 16, 2006

BALANCE OF JUDGMENT PRINCIPAL:    +$9,250.00

INTEREST TO DATE(Pre and Post Judgment    +$11,328.08
              accrued to date):
ACCRUED COURT COST (Pre and Post Judgment    +$112.50
          excluding cost of this writ):
         ATTORNEY'S FEES:    +$1,000.00

    COST OF THIS WRIT:    +$20.00

              TOTAL:    =$21,710.58

DATE:   06-01-205          BY: Lyn Wescott d.C.

### CERTIFICATE

I certify that a copy of a Writ of Garnishment and Notices as required by Arkansas
Code Annotated 16-110-402 (2)(a) and (3) were mailed to the following address:

Defendants Address:     TIM RALSTON
                        497 MCLAREN LOOP
                        ATKINS, AR 72823-6215
DATE:   JUN - 8 2015

                        Original Signed By
                        Josh E. McHughes
                        Becky A. McHughes
                        Christopher D. Anderson
                        _____
                        Josh E. McHughes
                        Becky A. McHughes
                        Christopher D. Anderson





## IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

PLAINTIFF:                                    DEFENDANT:

COGSWELL MOTORS, INC                          TIM RALSTON

### VS.

### CASE No. CV2005-616

PLAINTIFF'S ATTORNEY:                 DEFENDANT'S ADDRESS:

JOSH E. McHUGHES                      TIM RALSTON
BECKY A. McHUGHES                     497 MCLAREN LOOP
THE McHUGHES LAW FIRM, PLLC           ATKINS, AR 72823-6215
P.O. BOX 2180
LITTLE ROCK, AR 72203
(501) 376-9131

FILED
POPE CO. CIRCUIT CLERK
2015 JUN -4 PM 1:50

### WRIT OF SCIRE FACIAS

### THE STATE OF ARKANSAS TO DEFENDANT: TIM RALSTON

#### NOTICE

1. You are hereby notified of a Scire Facias, to revive the judgment in this cause filed on February 16, 2006, which has a principal balance of $9,250.00, plus cost in the amount of $132.50, plus attorney's fees in the amount of $1,000.00, with accrued interest to June 2, 2015 in the amount of $7,903.81, for a total due of $18,297.81 and accruing interest from June 2, 2015 at the rate of 6.00% annually until paid.

2. The judgment shall be revived and the lien of the judgment continued unless you file a written request for a hearing within 30 days from the date you were served with this Writ of Scire Facias and show cause why the judgment or decree should not be revived and the lien continued. If you fail to take any action, the judgment shall be revived and the lien continued for another period of ten years, and so on from time to time as often as may be necessary.





EXHIBIT
7

3. If you desire to be represented by an attorney, you should immediately contact your attorney so that a written request for a hearing can be filed for you within the time allowed. Your written request for a hearing must be in writing, filed in the Court clerk's office, and a copy served on the Plaintiff's attorney.

WITNESS my hand and seal of the Court this 4th day of _Quie_, 2015.

Address of Clerk's Office:                              CIRCUIT COURT CLERK
Pope County Circuit Court Clerk
Pope County Circuit Court
100 W. Main Street
Courthouse
Russellville, AR 72801                    By: _Lyn Wescott_
                                              Deputy Clerk